**FILED**

APR 1 1 2003



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GEORGE LARDNER
5604 32d Street, N.W.
Washington, D.C. 20015

        Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION

    and

U.S. DEPARTMENT OF JUSTICE

    and

DRUG ENFORCEMENT AGENCY,

    and

JOHN DOE AGENCIES 1-5

        Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CASE NUMBER  1:03CV00874

JUDGE: Henry H. Kennedy

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 04/11/2003

## COMPLAINT FOR INJUNCTIVE RELIEF

[Freedom of Information Act, 5 U.S.C. § 552, as amended]

### JURISDICTION AND PARTIES

1.  Plaintiff George Lardner ("Lardner") brings this action under the Freedom of Information Act ("the FOIA"), 5 U.S.C. § 552, as amended.

2.  Lardner is an author and a journalist under contract to the Washington Post who seeks information concerning the investigation of organized crime by the Federal Bureau of Investigation ("FBI"), a subject about which he has written and will continue to write.

1

3

tion/Privacy Acts (FOIPA) Section, advised Lardner that neither request had been assigned for processing.    O'Brien also claimed that he had no way of knowing when their turn would come up, and he suggested that Lardner withdraw his requests "if you would like to help us lighten our load."

10.    By letter dated September 27, 1996, Lardner, protesting the fact that his requests had not even been assigned for processing more than three years after he submitted them, stated that he had no intention of withdrawing his requests and considered the FBI's request that he do so "inappropriate and even inexcusable."

11.    By an undated letter sent to Lardner in late March or early April, 1997, the FBI explained that in view of the lengthy period of time which had elapsed since he made his requests, he was being re-contacted to determine whether he was still interested in pursuing his request for records on its Top Hoodlum Program (No. 380541).    Lardner was told that if he did not respond within 30 days, the FBI would conclude that he was no longer interested and close his request administratively.    It enclosed a form for him to fill out and return if he was still interested in receiving the documents he had requested some three and a half years earlier.

12.    On April 4, 1997, Lardner returned the forms.

13.    By letter dated March 1, 1998, the FBI advised Lardner that it would process his Sam Giancana request "in due course."

14.    In 1998 Lardner appealed the FBI's lack of action on his requests to the Office of Information and Privacy ("OIP").    By letter dated June 30, 1998, Richard L. Huff ("Huff"), Co-Director

of the OIP, advised Lardner his Giancana appeal had been assigned
appeal number 98-2856. He asserted that the OIP had a substantial
backlog of appeals received prior to his, but would notify Lardner
of its decision on his appeal "as soon as we can." With respect to
Lardner's Top Hoodlum request, Huff advised that it was "still
pending in the FBI," and that the OIP's function was limited "to
the review of those records to which access is in fact denied." He
informed Lardner that when the FBI completed its action on his
request, he could again appeal and "OIP will then open a new appeal
and review the component's substantive action on your request."
Although Huff advised Lardner that he could treat OIP's letter as
a denial and bring suit in federal court, he expressed a hope that
"in making a decision you will give sympathetic consideration to
the fact that the Department of Justice has many requests pending
at this time and is making every possible, reasonable effort to
process them."

15.   By letter dated August 17, 1998, the OIP advised Lardner
that it was affirming the FBI's action in withholding information
on his Sam Giancana request pursuant to Exemptions 2, 7(C) and
7(D), 5 U.S.C. § 552(b)(2), 7(C) and 7(D).

16.   By letter dated May 21, 1999, the FBI notified Lardner
that records responsive to his Top Hoodlum Program request con-
sisted of approximately 3,600 pages. Noting that it had not yet
made a determination on his request for a fee waiver, the FBI
informed Lardner he would have to commit to pay copying fees of
approximately $350.00 before it would begin processing his request.

5

17.   By letter dated May 24, 1999, Lardner committed to pay the estimated copying costs.

18.   By letter dated June 8, 1999, the FBI acknowledged receipt of Lardner's commitment to pay fees for the Top Hoodlum Program records and wrote him that in view of its backlog, "processing delays in excess of two years have not been uncommon.  It further stated that "in order to reduce unnecessary correspondence, we will notify you only after the processing of your request has been partially of fully completed."

19.   By letter dated June 11, 2001, the FBI made a partial response to Lardner's Top Hoodlum request.

20.   By letter dated August 9, 2001, Lardner appealed.  He argued that FBI had failed to conduct an adequate search, pointing out that it had not included either the results of wiretapping and black bag jobs that had been conducted under the aegis of the Top Hoodlum program nor documents referred to in a book <u>Man Against the Mob</u> by Bill Roemer, an agent for the FBI's Top Hoodlum program. Lardner also challenged the FBI's invocation of Exemption 7(C). noting that the records were over 40 years old, that some of the Exemption 7(C) claims pertained to persons who were deceased or a matter of public record.

21.   By letter dated February 13, 2002, the OIP responded to Lardner's August 9, 2001 appeal by releasing one additional page but otherwise affirming the FBI's determinations.

22.   By letter dated April 4, 2002, Lardner requested reconsideration of the OIP's February 13, 2002 decision, asserting

that the FBI had incorrectly decided not to search any of its field offices for electronic surveillance ("ELSUR") records.   He also sought reconsideration of any decision not to search the FBI's ELSUR indices.

23.   By letter dated May 14, 2002, the OIP acknowledged receipt of Lardner's April 4, 2002 appeal and assigned it No. 02-1664.

24.   By letter dated September 19, 2002, the OIP denied Lardner's request for reconsideration on the ground that it would require a manual search of the ELSUR indices of each field office that maintained responsive records.

25.   No further correspondence has been exchanged with the FBI.

26.   Plaintiff has exhausted his administrative remedies.

27.   Plaintiff has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the FBI's denial of said right.

28.   Plaintiff is entitled to a waiver of search fees and copying costs, and there is no legal basis for the denial of said right.

## SECOND CAUSE OF ACTION--DRUG ENFORCEMENT ADMINISTRATION

29.   Plaintiff reallege the allegations set forth in paragraphs 1-3, 5 and 26-28 above.

30.   By letter dated June 22, 2001, the DRUG ENFORCEMENT AD-MINISTRATION ("DEA") informed Lardner that the FBI had asked it to

review certain materials which had originated with the DEA.   It
referenced Lardner's Top Hoodlum request and assigned it No. 01-
1621-P.

31.   In an undated letter the DEA advised Lardner that it had
received his request for records pertaining to another individual
but would not process it without proof of death or an original
notarized privacy waiver.

32.   By letter dated August 16, 2001, Lardner, through
counsel, pointed out that he could not provide proof of death
without knowing the identity of the person to whom DEA had re-
ferred.   He requested that the DEA identify the person.

33.   By letter dated November 8, 2001, the DEA denied inform-
tion pertaining to its Top Hoodlum Program, pursuant to Exemptions
2, 3, 6, 7(C) and 7(D).

34.   By letter dated April 10, 2002, Lardner appealed the de-
terminations made by the DEA in its November 8, 2001 letter.

35.   By letter dated May 14, 2002, the OIP acknowledged Lard-
ner's appeal of the DEA's actions and assigned it number 02-1665.

36.   No further correspondence has been exchanged between the
parties.

### THIRD CAUSE OF ACTION--JANUARY 22, 2003 REQUEST
### FOR FBI'S POST-JANUARY 1, 1960 TOP HOODLUM RECORDS

37.   Plaintiff reallege the allegations set forth in para-
graphs 1-3, 5 and 26-28 above.

38.   By letter dated January 22, 2003, Lardner submitted a re-
aquest to FBI Headquarters for records pertaining the FBI's Top

Hoodlum records for the period from January 1, 1960 forward.   He also renewed his September 14, 1993 request for the pre-January 1, 1960 Top Hoodlum records.

39.   By letter dated February 3, 2003, FBIHQ acknowledged receipt of Lardner's request and   assigned it request number 972694.

40.   No further correspondence has been exchanged between the parties regarding this request.

## FOURTH CAUSE OF ACTION--JANUARY 23, 2003
## REQUEST FOR FBI'S RECORDS ON ANIELLO DELLACROCE

41.   Plaintiff realleges the allegations set forth in paragraphs 1-3, 5 and 26-28 above.

42.   By letter dated January 23, 2003, Lardner submitted a reaquest to FBI Headquarters for records pertaining to Aniello Dellacroce.

43.   By letter dated February 3, 2003, FBIHQ acknowledged receipt of Lardner's request on assigned it request number 972696.

44.   No further correspondence has been exchanged between the parties regarding this request.

WHEREFORE, plaintiff prays that this Court:

(1)   order defendants to make the requested information promptly available to him;

(2)   order defendants to grant plaintiff status as a "representative of the news media" pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II);

9

(3) order defendants to grant plaintiff a complete waiver of duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii);

(4) order defendant's to conduct a thorough search for all responsive records;

(5) order defendants to provide plaintiff a <u>Vaughn</u> index inventorying all responsive records and itemizing and justifying withholdings challenged by plaintiff;

(6) order defendants to reprocess the records previously provided in response to plaintiff's September 14, 1994 request;

(7) order defendants to promptly provide all nonexempt documents or portions of documents which were referred to other government agencies in response to plaintiff's September 14, 1994 request;

(8) expedite this action in every way pursuant to 28 U.S.C. § 1657(a);

(9) award plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d); and

(10) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

APRIL 11, 2003

James H. Lesar #114413
1003 K Street, N.W.
Suite 640
Washington, D.C. 20001

Phone:   (202) 393-1921

Counsel for Plaintiff